FILED

MAY 21 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANGEL GAYTAN-ELIZADE,<br>　　　　　　　　　　　Defendant. | Case No. 18mj2168-RBB<br><br>DETENTION ORDER |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on May 17, 2018, to determine whether defendant Angel GAYTAN-Elizalde should be held in custody pending trial on the grounds that he is a flight risk and poses a danger to the community. At the detention hearing, Assistant United States Attorney Shauna R. Prewitt appeared on behalf of the United States, and attorney Gregory D. Obenauer appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, the pretrial services report, and the complaint, the Court concludes the following: (1) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance; (2) the Government did

not meet its burden to demonstrate by clear and convincing evidence that Defendant poses a danger to the community.

## I. FINDINGS OF FACT

### A. Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)

1. Defendant is charged in a complaint with one count of Transportation of Certain Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

2. Defendant was arrested on May 2, 2018, in San Diego, California. Defendant was the driver of a vehicle carrying six illegal aliens who were concealed in the vehicle's back seat or cargo area. At approximately 7:55 p.m., a Border Patrol Agent noticed that Defendant's vehicle appeared to be riding low; identified movement in the back seat or cargo area; and observed Defendant driving at a higher rate of speed than the surrounding travelers despite poor weather conditions consisting of fog and light rain. The Agent attempted a vehicle stop. Defendant initially pulled over to the right-hand shoulder but then accelerated and fled. The Agent initially followed Defendant but stopped pursuit once Defendant reached speeds of 100 mph.

Approximately 25 minutes later, another Border Patrol Agent encountered Defendant's vehicle and also attempted a vehicle stop. Defendant again failed to yield and accelerated to speeds of up to 95 mph. Agents attempted to use a tire deflation device to stop Defendant, and a mobile air support unit arrived to assist.

During the second pursuit, Defendant attempted to pass a vehicle by splitting two lanes in a long turn onto State Route 125. Defendant hit the vehicle, which caused Defendant's vehicle to spin out and come to rest against a guardrail. An Agent then approached Defendant's vehicle with his service weapon drawn, but Defendant fled from the vehicle and a foot-chase ensued on the shoulder of the highway. Defendant was caught and arrested at 8:40 p.m. All six of the material witnesses stated that they were scared for their lives. One material witness stated that, during the chase, he told Defendant to stop the vehicle. Defendant said he would rather crash than stop.

After his arrest, Defendant admitted to having been involved in alien smuggling, including as a recruiter, for six months. Defendant also stated he was going to keep the vehicle as compensation for successfully transporting the six illegal aliens.

3. Alien smuggling is an offense where bail is ordinarily appropriate. Accordingly, the nature and the circumstances of the offense weigh in favor of bail.

**B.  Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)**

Although this factor is to be given the least weight, there is probable cause to believe Defendant committed the charged offense, which favors detention.

**C.  History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)**

1. Character: There were multiple facts presented that reflect negatively on Defendant's character, including the high-speed chase on two occasions, the foot chase, and Defendant's reckless driving. Accordingly, this factor weighs in favor of detention.

2. Physical and Mental Condition: There was little or no information about Defendant's physical and mental condition. Accordingly, this factor is treated as neutral.

3. Family Ties: Defendant has some relatives living in Mexico. Defendant's immediate family predominately lives in Utah. Accordingly, this factor weighs in favor of bail.

4. Employment: Defendant is unemployed. Accordingly, this factor weighs in favor of detention.

5. Financial Resources: Defendant does not appear to have any financial resources in the United States. This factor weighs in favor of detention.

6. Length of Residence in the Community: Defendant lives in Utah with his parents and his siblings. This factor weighs in favor of detention.

7. Community Ties and Past Conduct: The proffered evidence for this factor is duplicative of evidence already considered. As a result, these factors will be treated as neutral.

8.  History Relating to Drug or Alcohol Abuse: Defendant has a 2016 misdemeanor conviction that is suggestive of drug use. Accordingly, this factor is treated as neutral.

9.  Criminal History: Defendant has a 2016 misdemeanor conviction. This factor marginally favors detention.

10. Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release: Defendant does not seem to have failed to appear at his prior court proceeding(s), so this factor favors bail. Defendant does not appear to have been sentenced to probation, parole, or other release, so this factor is not applicable.

## II. CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the Government has satisfied its burden of demonstrating that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings in this case.

## III. ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in

///

///

///

1 | connection with a court proceeding or any other appearance stipulated to by counsel for
2 | the defense and for the United States.

3 |     THIS ORDER IS ENTERED WITHOUT PREJUDICE.

4 | **IT IS SO ORDERED.**

5 | Dated: May 21, 2018

                                      Hon. Ruben B. Brooks
                                      United States Magistrate Judge